## R. McKEAN BARRY AND JULIA BARRY v. THE PENNSYL-VANIA RAILROAD COMPANY.

Argued June 5, 1900—Decided November 12, 1900.

1. Where, in an action of tort, the damages are so exorbitantly high and so far exceed the injury sustained by the accident as to make it manifest that the verdict could not have been the result of a fair, impartial and dispassionate consideration of all the unimpeached evidence in the cause, the verdict should be set aside.

2. Where it appears that the jury, in reaching its result in a cause, must have disregarded the whole range of the medical or other testimony of the plaintiff or defendant, notwithstanding the credibility of the witnesses stands unimpeached and that their testimony can be reconciled with the other evidence in the cause; this of itself is ground for a new trial.

In tort. On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiff, *Warren Dixon.*

For the defendant, *James B. Vredenburgh.*

The opinion of the court was delivered by

FORT, J. In this case the damages are so excessive that the court does not feel justified in tendering to the plaintiff the option of taking a reduced verdict or a new trial to follow, but thinks that a new trial should be granted.

Where, in an action of tort, the damages are so exorbitantly high and so far exceed the injury sustained by the accident as to make it manifest that the verdict could not have been the result of a fair, impartial and dispassionate consideration of all the unimpeached evidence in the cause, the verdict should be set aside. *Reuck* v. *McGregor,* 3 *Vroom* 70.

The plaintiff and her husband sue for injuries alleged to have occurred while she was a passenger on the train of the

defendant. Her statement is that she went to the toilet-room of the car, while the train was standing in the station of the defendant at Philadelphia, to nurse her infant child, and that while so engaged the train was violently struck by an engine about to be coupled to it. There is proof of a considerable jar as a result of this coupling.

The plaintiff alleges that by this jar she was bruised by being thrown to the floor of the car from the seat upon which she was sitting and that she is now suffering from a misplaced womb and a kidney that can be moved as the result thereof.

The verdict was for $8,000 for the wife and $2,000 to the. husband for loss of her services.

A careful reading of the evidence shows a clear preponderance of testimony to the effect that the alleged condition of the womb and kidney were probably entirely due to the labor of child-birth which had occurred but shortly before, the infant then being but three months old. The infant does not appear to have been hurt in the fall of which the plaintiff complains, and the external injuries upon the plaintiff were only a few slight bruises.

The testimony of the physicians in the case seems to establish by the great weight of the evidence that the internal injuries of the plaintiff were not the result of the accident, but of child-birth. It would therefore seem that the only injury for which there should have been a recovery, if a recovery at all, was for the bodily bruises which the plaintiff suffered.

The jury, in reaching its result in this case, must have disregarded the whole range of the medical testimony of the defendant, notwithstanding the fact that their credibility stands unimpeached and that their testimony can be reconciled with the other evidence in the cause; this of itself is ground for a new trial. *Den* v. *Van Cleve, 2 South.* 662.

The rule in this case will be made absolute.