## JOHN McISAAC v. THE SOUTH JERSEY GAS, ELECTRIC AND TRACTION COMPANY.

Submitted March 23, 1906—Decided November 12, 1906.

Where it appears, on the plaintiff's proofs, that the grab-iron upon the top of a trolley car, which the line or repairman was required to use, was faultily constructed, in that the screws which held it were too small, and that it was also defective, in that the wood into which it was fastened was rotten, the court could not nonsuit the plaintiff.

On rule to show cause.

Before Justices FORT, GARRETSON and REED.

For the rule, *Edward Ambler Armstrong.*

*Contra, Howard Carrow.*

The opinion of the court was delivered by

FORT, J. This was an action in tort for alleged injuries. The plaintiff was a line or repairman in the employ of the defendant company. When a trolley wire broke along the line it was his duty to go at once to the scene of the break, make temporary repairs, and then to return and take out the repair car and make the repairs permanent. On the day on which he was injured he had gone out for such a purpose on car No. 69 of the defendant company, had climbed to the top of the car and made the temporary repairs, and was getting down, when the grab-iron on top of the car, of which he had hold, pulled out, and he fell. There was proof in the cause that the grab-iron was faultily constructed, in that the screws which held it were too small, and that it was defective owing to the fact that the wood where it was fastened was rotten. On this proof a nonsuit could not be granted.

We think the case rightly went to the jury, and no errors are alleged in the charge of the learned trial justice.

The case is here on a rule to show cause, and the claim for the respondent is that the damages were excessive. We think they are, under the proof. What the difficulty is with the plaintiff is not made clear by the evidence taken at the trial. What injury resulted to him from the accident, from which he now suffers, if any, is also very indefinite. The physician called by the plaintiff had a theory that he might have fractured the inner lining of his skull. The proof was that he worked steadily for a year after the accident. He had headaches, it is true, during that period, but the proof was conclusive that he had had them prior to the accident. The accident occurred in June, 1903. Dr. Clark testified

that the plaintiff had consulted him and had been treated by him in 1901 and 1902, and he stated that his symptoms and expressed conditions were at the time of the trial as they were in 1901 and 1902.

The verdict in the case was for $8,500. Upon what it was based it is impossible to determine from the proof. We do not think that the verdict was justified, and that it was largely excessive. It might be treated, as was the verdict in the case of *Barry* v. *Pennsylvania Railroad Co., 36 Vroom* 407, and set aside entirely for the reason that it could not have been the result of a fair, impartial and dispassionate consideration of all the unimpeached evidence in the cause, but to avoid a retrial, as the merits of the case seem to have been fully gone into, if the plaintiff elects to allow the verdict to stand for $3,500 the rule will be discharged, otherwise it will be made absolute.